RAMIREZ, C.J.
 

 Jesus Carbonell appeals the trial court’s final judgment of conviction and sentence. We reverse and remand for a new trial because the trial court erred in allowing the State to introduce an uncharged robbery that took place earlier in the day when the State was unable to show that the uncharged robbery was similar enough to the charged robbery to establish relevance.
 

 Carbonell was charged with burglary with an assault and strong armed robbery. His defense at trial was misidentification. The facts, taken in the light most favorable to the State, indicate that early in the evening on November 8, 2006, I.G. went to a Shell gas station to purchase a lottery ticket. After she bought the ticket, I.G. went to the parking lot and got in her car. A young male opened the car door, and yanked and grabbed her chain from her neck. The robber asked I.G. for her purse and after he looked into the purse, he threw it back at her. The robber then fled the scene in a pick-up truck. I.G. went back into the gas station and called the police.
 

 A few days later, the police went to I.G.’s house and showed her a photo lineup. She was unable to identify Carbonell
 
 *946
 
 as the robber. The following day, the police returned and this time, I.G. identified Carbonell as someone who looked like the robber. At a deposition, I.G. indicated that she was seventy percent positive that Carbonell was the robber. At trial, she positively identified Carbonell as the robber.
 

 Before trial, the State filed a motion to be allowed to introduce
 
 Williams
 
 Rule evidence from a woman who claimed that Carbonell had committed a strong armed robbery against her on the same day as the crime in this case. Over the objection of counsel, the trial court allowed the State to introduce the testimony of M.G. M.G. testified that on November 8, 2006, she was walking to the Metro Rail Station on US1 and 27th Avenue at approximately 8:45 a.m. when she saw a Ford pick-up truck approach and stop next to her. According to M.G., there was a man and a woman in the truck. After the truck stopped, a man jumped out of the truck and grabbed her chain and purse. The robber then got back into the truck and left. M.G. identified Carbonell in a photo lineup and in court as the person who committed the robbery.
 

 Thereafter, during trial, the judge suppressed a statement given by Carbonell to the police where Carbonell told the police he had a drug problem, he did not remember stealing the victim’s purse, and he would not have used the family car to commit a crime. The trial court suppressed the statement based on the fact that the police took the statement after Carbonell had been appointed counsel.
 

 During closing argument, the prosecutor argued the following:
 

 I wish I could give you, you know, a full confession. I wish I could give you a videotape of the robbery. I wish I could make it that easy for you. It’s not going to be that easy.
 

 The jury subsequently found Carbonell guilty as charged. The trial court sentenced him to twenty-five years as a prison releasee re-offender as to one count and a violent habitual offender as to the second count. The trial court ordered the sentences to run concurrent with each other.
 

 On appeal, we conclude that the trial judge erred in allowing the State to introduce the uncharged robbery that took place earlier in the day because the State was unable to show that the uncharged robbery was similar enough to the charged robbery to establish relevance. The law in Florida and a comparison of the facts in the charged burglary and robbery with the facts in the uncharged robbery establish that the two crimes were not similar enough to justify their admission in this case. The Florida Supreme Court addressed the standard for admission of collateral crime evidence in
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959). The
 
 Williams
 
 Court stated, “[o]ur view of the proper rule simply is that relevant evidence will not be excluded merely because it relates to similar facts which point to the commission of a separate crime. The test of admissibility is relevancy.”
 
 Id.
 
 at 659. Section 90.404(2)(a), Florida Statutes (2005), codified this rule, which provides:
 

 Similar fact evidence ... is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
 

 Thus, to be allowed to introduce evidence of another crime, the State must establish that the uncharged crime is relevant to some issue that is in dispute and is not being introduced to establish propensi
 
 *947
 
 ty to commit a crime.
 
 Chambers v. State,
 
 742 So.2d 839, 840 (Fla. 3d DCA 1999). Before admitting
 
 Williams
 
 Rule evidence, the trial court must make four determinations: whether there is sufficient evidence that the defendant committed the uncharged crime; whether the evidence in the uncharged crime meets the similarity requirement necessary to be relevant; whether the uncharged crime is too remote, so as to diminish its relevance; and whether the prejudicial effect of the uncharged crime substantially outweighs its probative value.
 
 Robertson v. State,
 
 829 So.2d 901, 907-08 (Fla.2002). Moreover, to meet the similarity requirement, the
 
 Williams
 
 Rule evidence must bear a striking similarity to the charged offense and must share with the charged offense unique characteristics that give the
 
 Williams
 
 Rule evidence probative value with respect to the charged offense.
 
 Heuring v. State,
 
 513 So.2d 122, 124 (Fla.1987) (“The charged and collateral offenses must be not only strikingly similar, but they must also share some unique characteristic or combination of characteristics which sets them apart from other offenses.”),
 
 quashed on other grounds,
 
 559 So.2d 207 (Fla.1990).
 

 The Florida Supreme Court in
 
 McLean v. State,
 
 934 So.2d 1248, 1255 (Fla.2006) explained the substantial similarity requirement, stating:
 

 [I]n cases where the purported relevancy of the collateral crime evidence is the identity of the defendant, we have required “identifiable points of similarity” between the collateral act and charged crime that “have some special character or [are] so unusual as to point to the defendant.”
 
 Drake v. State,
 
 400 So.2d 1217, 1219 (Fla.1981). This is because “[the mode of operating theory of proving identity is based on both the similarity of and the unusual nature of the factual situations being compared.]”
 
 Id.
 
 Thus, “[a] mere general similarity will not render the similar facts legally relevant to show identity.”
 
 Id.
 

 Here, the victims in both cases were the subject of a strong armed robbery where the robber took chains and a purse, and left in a pick-up truck. However, we cannot say that the two crimes were so unique to justify the admission of the uncharged crimes.
 

 In addition, there were several dissimilar facts which also established that the uncharged crime was not admissible. In the charged crime, the victim claimed that she only saw the defendant prior to the robbery. In the uncharged crime, the victim claimed that the defendant was in a truck along with a female and that the defendant jumped out of the truck and committed the crime. The charged crime was committed at night, and the uncharged crime was committed in the morning. Finally, the two crimes were not committed at the same location, nor were they committed at the same type of location. The charged crime was committed at a gas station, and the uncharged crime was committed near a Metro Rail Station.
 

 In this case, there is nothing so unique or particularly unusual about the similarities in the charged offense and the collateral offense so that it is reasonable to conclude that the same person committed both crimes. Therefore, the uncharged crime had little relevance to the crime charged and its probative value was clearly outweighed by its prejudicial effect, and should not have been admitted into evidence.
 

 This Court must next resolve whether the State can establish beyond a reasonable doubt that the improper evidence did not contribute to the jury verdict. The State’s case relied heavily upon the eyewitness identification of the eighty
 
 *948
 
 year-old victim. The validity of this identification was a highly contested issue at trial. The first time the victim was shown a photo lineup she was unable to identify Carbonell. The following day, she was once again shown the lineup and this time, she pointed to Carbonell and indicated that he looked like the robber. During a deposition prior to trial, the victim indicated that she was seventy percent positive that Carbonell was the robber. It was not until trial when Carbonell was sitting at defense table that the victim positively identified him as the robber.
 

 Admission of irrelevant similar fact evidence is “presumed harmful error because of the danger that a jury will take the bad character or propensity to crime thus demonstrated as evidence of guilt of the crime charged.”
 
 Robertson v. State,
 
 829 So.2d 901 (Fla.2002). We conclude that the State has not overcome this presumption of harmful error.
 

 Carbonell also contends that the prosecutor committed fundamental error during closing argument when the prosecutor argued to the jury that she wished she had a full confession because the improper argument could either be interpreted as a comment on Carbonell’s right to remain silent, or in the alternative, a comment on evidence that was excluded by the trial judge. As previously stated, during the trial the trial judge suppressed a statement given by the defendant to the police because the police took the statement after the defendant had been appointed counsel. Although the prosecutor’s argument may have been improper, it was defense counsel that first argued to the jury that “[tjhere is not a single thing about Mr. Carbonell making a statement in this case.” We are thus unwilling to hold that the statement constituted fundamental error, but on retrial, we caution the State against repeating such an argument.
 

 In conclusion, we reverse the trial court’s judgment of conviction and sentence and remand for a new trial.
 

 Reversed and remanded.