EVANDER, J.
 

 Timothy Gartner appeals his judgment and sentence for robbery with a deadly weapon, contending that the trial court erred in permitting the State to introduce “Williams Rule”
 
 [1]
 
 evidence regarding his
 
 *988
 
 alleged commission of two other robberies. We agree.
 

 Gartner was charged with the robbery of an employee of the Spring Hill Lock & Key store on December 19, 2007. Prior to trial, the State filed a notice of intent to offer evidence of other crimes, wrongs or acts; specifically, that Gartner had robbed a convenience store on December 17, 2007 and a hair salon on December 18, 2007. After a pretrial hearing, the trial court found that the three robberies were sufficiently similar to permit the use of this collateral crime evidence. In permitting the State to present this evidence, the trial court accepted the State’s argument that the collateral crime evidence was relevant to the issue of identity.
 
 [2]
 

 At trial, the State presented testimony from six different witnesses regarding the convenience store and hair salon robberies. Indeed, the State did not present any evidence regarding the charged crime itself until the second day of testimony.
 

 Similar fact evidence that the defendant committed a collateral crime is inherently prejudicial because it creates the risk that a conviction will be based on the defendant’s bad character or propensity to commit crimes, rather than on proof that he committed the charged offense.
 
 McLean v. State,
 
 934 So.2d 1248, 1255 (Fla.2006). Accordingly, to minimize the risk of the wrongful conviction, similar fact evidence must meet a strict standard of relevance.
 
 Id.
 

 In cases in which the purported relevancy of the collateral crime evidence is the identity of the defendant, there must be “identifiable points of similarity” between the collateral act and the charged crime that “have some special character or [are] so unusual as to point to the defendant.”
 
 Id.
 
 In essence, the evidence must show both similarity and uniqueness. Thus, a mere general similarity is insufficient to establish legal relevance.
 
 Id.
 

 In the instant case, the collateral offenses were not substantially or uniquely similar to the charged offense. The evidence below established that in each of the three robberies, the perpetrator wore a hat or cap, used a black gun, initially carried the gun in the front of his jeans, and demanded money from a female store employee. While these robberies show generally similar characteristics, the threatened use of a gun and a demand for money are characteristics that one might expect in a robbery with a deadly weapon.
 
 See Carbonell v. State,
 
 47 So.3d 944, 947 (Fla. 3d DCA 2010).
 

 Our conclusion that it was error to admit evidence of the collateral crimes is further supported by the existence of several dissimilar facts in the three robberies. The robberies occurred at different times of day and at different types of business establishments. In one robbery, the perpetrator waited until the only customer in the store exited before making a demand for money, while in another robbery the perpetrator robbed both the store employee and the customer. In one of the robberies, the perpetrator brought merchandise to the cash register as if to buy the items, while in the other two robberies, the perpetrator made no pretense of being a bonafide customer. In two of the robberies, the perpetrator removed the gun from his pants and pointed it at the store employee; in the other instance, the perpetrator left the gun tucked in his jeans.
 

 
 *989
 
 We further reject the State’s argument that the introduction of the collateral crime evidence was harmless. The admission of improper collateral crime evidence is presumed to be harmful error because of the danger that a jury will consider a defendant’s propensity to commit a crime as evidence of guilt of the crime charged.
 
 Fike v. State,
 
 4 So.3d 734, 739 (Fla. 5th DCA 2009). While the State appeared to have a strong case against the defendant, it is also noteworthy that the State apparently believed the collateral crime evidence was important enough to present nearly a full day of trial testimony regarding these non-charged offenses. We conclude that the State failed to establish that there was no reasonable possibility that the error contributed to the verdict.
 
 See State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986).
 

 As to the second issue raised on appeal, we affirm the trial court’s determination that the photograph line-up utilized by law enforcement was not impermissibly suggestive.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED for new trial.
 

 PALMER and LAWSON, JJ., concur.
 

 [1]
 

 .
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959).
 

 [2]
 

 . Section 90.404(2)(a), Florida Statutes (2007) provides:
 

 (2) Other crimes, wrongs, or acts.—
 

 (a) Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of ... identity ... but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.