# Third District Court of Appeal

**State of Florida**

Opinion filed August 26, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2784
Lower Tribunal No. 10-30367
_____


**Ronald Cotton,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Bronwyn Miller and Rodney Smith, Judges.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.


Before LAGOA, EMAS and FERNANDEZ, JJ.

EMAS, J.

Ronald Cotton appeals his conviction of, and sentence for, two counts of lewd or lascivious conduct on a person twelve to sixteen years old. We reverse because the trial court improperly admitted into evidence certain Williams[1] rule testimony regarding three separate and unrelated prior acts of sexual battery and attempted sexual battery.

**BACKGROUND**

On October 5, 2010, Cotton's seventeen-year-old stepdaughter reported to the police that Cotton had inappropriately touched and kissed her on several occasions between 2006 and 2009. The inappropriate contact began when Cotton's stepdaughter was approximately thirteen years old, and progressed from long hugs to tongue kisses and groping.

The State charged Cotton by Information with one count of lewd or lascivious molestation by an adult on a child between twelve and sixteen years of age, in violation of section 800.04(5)(c)2, Florida Statutes (2009); and two counts of lewd or lascivious conduct by an adult on a child under 16 years of age, in violation of section 800.04(6)b, Florida Statutes (2009).

Count One (lewd or lascivious molestation) alleged that between March 1 and July 30, 2009, Cotton did unlawfully, intentionally and in a lewd or lascivious

---

[1] Williams v. State, 110 So. 2d 654 (Fla. 1959), later codified in section 90.404, Florida Statutes.

manner, touch the breasts, genitals, genital area, or buttocks of his stepdaughter (or the clothing covering those areas).

Counts Two and Three (lewd or lascivious conduct) alleged that on different dates covering the time period between August 1, 2006 and June 30, 2008, Cotton did unlawfully and intentionally touch his stepdaughter in a lewd or lascivious manner.

During the pendency of the case, the State filed a Williams rule notice pursuant to section 90.404(2)(b)-(d), indicating its intent to introduce at trial the testimony of Cotton's two adult daughters. During the hearing on the Williams rule evidence, Cotton's adult daughters each testified that Cotton's inappropriate contact with them started when they were thirteen or fourteen years old,[2] beginning with inappropriate hugs and progressing to tongue kisses and fondling. Both daughters' testimony, however, also included detailed allegations of separate incidents of sexual battery committed by Cotton upon each of them. One of the daughters also testified that, on a separate occasion, Cotton attempted to commit another sexual battery upon her.

Following the hearing, the trial court expressed serious concern about the unduly prejudicial nature of the testimony regarding the sexual batteries, and indicated that it might limit the collateral offense evidence to the lewd and

_____

[2] The prior acts took place approximately fifteen to eighteen years before trial in the instant case.

3

lascivious acts while excluding testimony regarding the alleged sexual batteries. Nevertheless, at trial, and over Cotton's objection, the court admitted into evidence the entirety of the <u>Williams</u> rule testimony, which included each adult daughters' graphic description of the sexual battery (and an attempted sexual battery) committed upon them. The jury subsequently found Cotton guilty of two counts of lewd or lascivious conduct.[3]

**ANALYSIS**

Cotton contends that the trial court abused its discretion in allowing his adult daughters to testify about the prior sexual batteries (and attempted sexual battery) allegedly committed by Cotton. We agree.

Generally, evidence of a defendant's prior collateral offenses are inadmissible to prove bad character or propensity to commit crime. § 90.404(2)(a), Fla. Stat. (2013). However, where the prior bad acts are relevant to prove a material fact in issue and not for the purpose of establishing propensity or bad character, such evidence may be admissible if the trial court ensures that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. §§ 90.403, 90.404(2)(a), Fla. Stat. (2013).

---

[3] The jury found Cotton not guilty of lewd or lascivious molestation.

In 2001, the Florida Legislature enacted section 90.404(2)(b), which addresses the admissibility of collateral offenses in cases in which a defendant is charged with child molestation. That subsection provides in pertinent part:

2) Other crimes, wrongs, or acts.--

. . .

(b) 1. In a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant.

2. For the purposes of this paragraph, the term "child molestation" means conduct proscribed by s. 787.025(2)(c), s. 787.06(3)(g), former s. 787.06(3)(h), s. 794.011, excluding s. 794.011(10), s. 794.05, former s. 796.03, former s. 796.035, s. 800.04, s. 827.071, s. 847.0135(5), s. 847.0145, or s. 985.701(1) when committed against a person 16 years of age or younger.

While section 90.404(2)(b) permits the admission of other acts of child molestation where the defendant is charged with a crime involving child molestation, it limits consideration of such evidence to that which is relevant.

As the Florida Supreme Court clarified in McLean v. State, 934 So. 2d 1248 (Fla. 2006), collateral offense evidence admitted pursuant to section 90.404(2)(b) must still be relevant to a material issue as required by section 90.402, and is also subject to the balancing test provided in section 90.403:

Accordingly, the similarity of the prior act and the charged offense remains part of a court's analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less

5

relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403.

Id. at 1259.

The Court elaborated on the trial court's critical role in conducting this threshold analysis:

> The similarity of the collateral act of molestation and charged offense is a critical consideration for the trial court in conducting an appropriate weighing under section 90.403. The trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted based on the prior sexual misconduct.

Id.

Finally, the McLean court provided additional guidance to trial courts tasked with determining whether to admit evidence of prior acts of child molestation:

> In assessing whether the probative value of evidence of previous molestations is substantially outweighed by the danger of unfair prejudice, the trial court should evaluate: (1) the similarity of the prior acts to the act charged regarding the location of where the acts occurred, the age and gender of the victims, and the manner in which the acts were committed; (2) the closeness in time of the prior acts to the act charged; (3) the frequency of the prior acts; and (4) the presence or lack of intervening circumstances. This list is not exclusive. The trial courts should also consider other factors unique to the case.

> Factors other than the potential for unfair prejudice are also pertinent in a section 90.403 analysis. The trial court must determine whether the evidence of the prior acts will confuse or mislead jurors by distracting them from the central issues of the trial. Also necessary is

6

an assessment whether the evidence is needlessly cumulative of other evidence bearing on the victim's credibility, the purpose for which this evidence may be introduced. Further, in accord with our precedent, the trial court must guard against allowing the collateral-crime testimony to become a feature of the trial. Finally, if requested, the trial court shall give an appropriate cautionary instruction both at the time the evidence is presented and in its final charge to the jury.

Id. at 1262.

While it is true that a trial court has broad discretion regarding the admissibility of evidence, such discretion is not unfettered. In applying the balancing test set forth in section 90.403, in conjunction with section 90.404(2)(b), the admission of the adult daughters' testimony describing the prior sexual batteries offered little or no probative value, and any such minimal probative value was substantially outweighed by the testimony's undue prejudice.

The State's very own argument in support of admitting the other collateral offenses (i.e., the prior lewd or lascivious acts) illustrates the relative lack of probative value for the prior sexual batteries. The State argued to the trial court that Cotton's prior lewd or lascivious acts upon his daughters were relevant and probative in establishing Cotton's intent, common scheme and plan, and modus operandi. These prior bad acts dovetailed with the State's theory at trial that Cotton used his familial relationship with his stepdaughter, initiating his unlawful conduct when his stepdaughter was thirteen years old. Cotton began with simple hugs that escalated to longer and inappropriate hugs, then to kisses and

7

inappropriate kissing, and then to inappropriate touching, fondling and molestation of his stepdaughter. These acts all took place in the home where Cotton and the stepdaughter lived. On one occasion, late at night in the home, Cotton climbed into his stepdaughter's bed and fondled her over her clothing.

In similar fashion, the admissible Williams rule evidence established that Cotton, using his familial relationship, began engaging in lewd or lascivious acts upon his two daughters when they were approximately thirteen years old (the same age as the stepdaughter); Cotton's acts upon his daughters progressed and escalated over time and in a manner that was similar to the instant allegations (beginning with hugs, and progressing to inappropriate hugs, tongue kisses, inappropriate touching, fondling and molestation); and Cotton committed these lewd or lascivious acts upon his two daughters in manner and under circumstances that were similar to the instant allegations (in the home, late at night, during which Cotton would climb into the daughter's bed and fondle her over her clothing; on other occasions he would come into the daughter's bedroom, late at night, take her from her bed and into a separate bedroom for the same purpose).

The trial court properly determined that these prior lewd or lascivious acts committed by Cotton upon his two daughters were relevant to establish a modus operandi, common scheme or plan, and intent, given the similarities between the prior acts and Cotton's acts allegedly committed on his stepdaughter. See

8

<u>Williams v. State</u>, 621 So. 2d 413, 415 (Fla. 1993)(observing that "[s]imilar fact evidence has been held admissible in sexual battery cases when the evidence was found to have a logical relationship to some material aspect of the charged crime beyond the character of the defendant or his propensity to force himself on women."). Each daughter's testimony regarding Cotton's prior lewd or lascivious acts further served to corroborate the stepdaughter's testimony regarding the timing, circumstances and manner in which Cotton committed his lewd or lascivious acts upon her. We therefore find no error in the trial court's admission of the two daughters' testimony regarding Cotton's prior lewd or lascivious acts committed upon them.

However, we are compelled to conclude that the trial court abused its discretion by allowing the State to present the testimony of the two daughters regarding the prior acts of sexual battery (and attempted sexual battery) committed upon them by Cotton. Unlike the properly-admitted prior lewd or lascivious acts, the sexual batteries were not similar to charged offenses in their manner or circumstances.[4] To the extent this evidence was probative at all, it was only

[4] The similarities were limited to the daughters' ages and the existence of a familial relationship. The testimony regarding the sexual batteries otherwise stood in stark contrast in both manner and circumstances to the instant charges: One of the alleged sexual batteries took place in Cotton's car on a desolate street near the woods. The other alleged sexual battery took place in a vacant duplex with nothing inside but a mattress on the floor. Additionally, one of the daughters testified that Cotton attempted to commit another sexual battery upon her when he drove her to an area near the woods and was going to rape her until she told him that she was

9

cumulatively so, failing to offer any further corroborative force beyond that already provided by the daughters' testimony regarding the prior lewd or lascivious acts. As the supreme court observed in <u>McLean</u>, 934 So. 2d at 1259, "the less similar a collateral offense to the charged offense, the less relevant and the more likely it is that the probative value is 'substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence. § 90.403.'"

Each daughter's testimony regarding the sexual batteries was graphic and detailed, and its prejudicial impact both substantial and real. The testimony by each of the daughters regarding Cotton's prior sexual battery (and an attempted sexual battery) was at best nominally probative of the material facts in issue at trial, especially in light of and compared to the daughters' admissible testimony regarding prior lewd or lascivious acts committed upon them by Cotton. The exclusion of the collateral sexual battery offenses would not have presented any logistical challenges to the trial court, as these offenses were not inextricably intertwined with the collateral lewd or lascivious acts to which the daughters had already testified.

Given the fact that the jury had already heard testimony from the two daughters regarding Cotton's prior lewd or lascivious acts committed upon them,

menstruating. The daughter testified that Cotton made her pull down her pants and show him her sanitary napkin.

10

the introduction of the additional testimony regarding the prior sexual batteries was needlessly cumulative. Any probative value was substantially outweighed by the danger of unfair prejudice, tending to establish Cotton's bad character or propensity, and thereby significantly and unnecessarily increasing the risk that Cotton would be convicted based upon his commission of these collateral crimes.[5] McLean, 934 So. 2d at 1259; Corson v. State, 9 So. 3d 765 (Fla. 2d DCA 2009). The trial court should have excluded this testimony and erred in failing to do so.

## CONCLUSION

In light of the already-properly-admitted collateral offenses of lewd or lascivious conduct and their similarity to the crimes charged, and given the nature of the testimony regarding the sexual batteries, its lack of probative value and the substantial danger of unfair prejudice, we conclude that the trial court abused its discretion in admitting this evidence. The State has failed to meet its burden of

---

[5] The substantial danger of unfair prejudice in permitting the jury to consider this evidence was inescapable: Cotton was charged with acts of lewd or lascivious conduct and molestation, but was not charged with sexual battery or attempted sexual battery. The jury heard each of Cotton's two adult daughters testify that Cotton previously committed lewd or lascivious acts upon them (at a time, in a manner, and under circumstances similar to his alleged acts upon his stepdaughter). The jury then heard each daughter testify that beyond these lewd or lascivious acts, Cotton committed a sexual battery upon each of them (as well as an attempted sexual battery). Given the State's theory of an escalating pattern of conduct by Cotton (engaged in previously with his daughters and in similar fashion with his stepdaughter), it was more than reasonable for jurors to draw the inference that if they did not convict Cotton in this case, he would eventually commit a sexual battery upon his stepdaughter as well.

establishing beyond a reasonable doubt that the error did not contribute to the verdict.  See State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

We reverse the judgment and sentence and remand for a new trial on the two counts of lewd or lascivious conduct.