IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JAMES ALBERT TAYLOR,

      Appellant,

 v.                                       Case No.  5D17-1912

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed September 28, 2018

Appeal from the Circuit Court
for Flagler County,
Dennis Craig, Judge.

James S. Purdy, Public Defender, and
Steven N. Gosney, Assistant Public
Defender, Daytona Beach, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

James Albert Taylor appeals his conviction for lewd or lascivious molestation of

T.F., a child less than twelve years of age, in violation of section 800.04(5)(a)-(b), Florida

Statutes (2013).  Taylor raises three issues on appeal.  We find no merit to Taylor's

arguments that section 800.04(5)(a) is either unconstitutionally vague or overbroad and

that certain comments made by the State in its closing arguments require reversal, and we do not address them any further. We do, however, agree with Taylor's first argument that the trial court erred in admitting into evidence, over objection, collateral crime or similar fact testimony that Taylor had previously committed a sexual battery upon the victim's then twelve-year-old sister, L.G.

In the sole count of the information, the State alleged that between August 20, 2013, and November 6, 2013, Taylor unlawfully and intentionally touched T.F., a person less than twelve years of age, in a lewd and lascivious manner, on the breast, genitals, genital area, or buttocks, or the clothing covering them, contrary to section 800.04(5)(a)-(b), Florida Statutes. At the time, Taylor was T.F.'s stepfather. T.F. would later testify at trial that when she was approximately ten or eleven years old, Taylor came into the bedroom that T.F. shared with a different sister, J.F., and that while T.F. was lying in her bed, Taylor touched her breast for a couple of seconds over the t-shirt that she was wearing. When T.F. began to move, Taylor abruptly left the room.

During the pendency of the case, the State filed what is commonly referred to as a "*Williams* Rule"[1] notice under section 90.404(2)(a), Florida Statutes (2017), providing notice of its intent to use similar fact evidence of other crimes, wrongs, or acts at trial for various reasons as provided in the statute.[2] Because Taylor was charged with a crime involving child molestation, pursuant to section 90.404(2)(b)1., evidence of his commission of other crimes, wrongs, or acts of child molestation was admissible and

---

[1] *Williams v. State*, 110 So. 2d 654 (Fla. 1959).

[2] The State's intended purposes for this evidence at trial, according to its notice, were to prove "motive, intent, common scheme or plan, absence of accident or mistake/consent, and identity."

could be considered for its bearing on any matter to which it was relevant. The State listed five witnesses in its notice, including the victim, that it intended to call at trial to testify as to prior acts of child molestation[3] committed upon them by Taylor.

Following a pretrial evidentiary hearing, the trial court entered an order permitting T.F. to testify about an earlier, uncharged act of sexual misconduct committed upon her by Taylor. The court also allowed T.F.'s sister, J.F., to testify about similar acts of molestation committed upon her by Taylor when he would come into J.F.'s bedroom and touch her while she appeared to be sleeping in her bed. Taylor has not challenged these rulings on appeal. The admissibility of the similar fact or collateral crime testimony of T.F.'s other sister, L.G., is at issue here.[4]

In its notice, the State asserted that when L.G. was approximately twelve years old and living with her mother, Taylor, and her two sisters, Taylor "forced [L.G.] on the bed, took her clothes off, and forcefully inserted his penis in her vagina." At the pretrial hearing, L.G. provided further context to this act, testifying that she had just finished taking a shower and was putting her dirty clothes in a clothes bin located in the bedroom that Taylor shared with L.G.'s mother. At that point, Taylor "pinned" L.G. onto his bed so that she could not get up and "stuck his penis in [her]" for what seemed like a "long time." L.G. also testified at the pretrial *Williams* Rule hearing to some unspecified but inferentially improper "touching" by Taylor immediately prior to the sexual battery.

---

[3] The definition of "child molestation" is set forth in section 90.404(2)(b)2.

[4] The court excluded the testimony of the other two *Williams* Rule witnesses, who were not related to the victim or to Taylor. This ruling has not been challenged.

In its written order allowing L.G.'s testimony at trial, the court first found that this incident was established by clear and convincing evidence. The court recognized the great risk in admitting this evidence at trial due to its "highly prejudicial" nature based on the severity of the collateral crime in relation to the charged crime, but it found that Taylor's touching of L.G. prior to the sexual battery was similar to the alleged touching of the victim of the charged crime. The court also found that the probative value of the collateral crime evidence was great not only to show Taylor's intent and lack of mistake but also to corroborate T.F.'s testimony of the molestation.

The admissibility of collateral crime or similar fact evidence is within the discretion of the trial court as limited by the rules of evidence. *LaMarca v. State*, 785 So. 2d 1209, 1212 (Fla. 2001). Nevertheless, as recognized by our sister court, "such discretion is not unfettered" in child molestation cases, *Cotton v. State*, 176 So. 3d 310, 313 (Fla. 3d DCA 2015), even though section 90.404(2)(b)1. broadened the admissibility of similar fact evidence. *See McLean v. State*, 934 So. 2d 1248, 1258-59 (Fla. 2006) (acknowledging that the 2001 enactment by the Legislature of section 90.404(2) broadened the admissibility of a defendant's commission of other acts of child molestation).

As our court has previously explained, relevancy still remains the threshold consideration for the trial court in this type of case when deciding whether to admit prior acts of child molestation. *Fiore v. State*, 967 So. 2d 995, 997-98 (Fla. 5th DCA 2007) (quoting *Triplett v. State*, 947 So. 2d 702, 703-04 (Fla. 5th DCA 2007)). In *McLean*, the Florida Supreme Court explained the trial court's gatekeeping function in conducting this threshold consideration to determine whether to admit similar fact or collateral crime evidence in child molestation cases:

> [T]he similarity of the prior act and the charged offense remains part of a court's analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be "substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." § 90.403.
>
> The similarity of the collateral act of molestation and charged offense is a critical consideration for the trial court in conducting an appropriate weighing under section 90.403. The trial courts are gatekeepers in ensuring that evidence of prior acts of child molestation is not so prejudicial that the defendant is convicted based on the prior sexual misconduct.

934 So. 2d at 1259.

Admittedly, and as recognized by the trial court, there are some similarities here between the charged offense against the victim and the collateral crime evidence regarding L.G. Both children are female and were of similar age at the time of the respective incidents, and the offenses occurred in the home involving their stepfather. However, the dissimilarities between the charged offense and the collateral crime evidence are significant. The victim was touched on the top part of her breast over her t-shirt for a matter of a couple of seconds. The collateral crime evidence showed Taylor forcefully "pinning" L.G. on his bed in a manner that prevented her from getting up, then inserting his penis in L.G. for what seemed like a "long time."[5]

As previously indicated, the trial court recognized in its order that the charged offense was less severe than the collateral crime and thus there was a greater risk of

---

[5] At trial, L.G. changed her testimony to reflect that the sexual battery took place "in the blink of an eye."

5

prejudice in admitting testimony regarding the collateral crime, but it reasoned that the "touching [of L.G.] prior to the sexual [battery] was similar" but that Taylor just "went further and committed the final act." We believe that the collateral crime evidence presented during trial was unduly prejudicial and should have been excluded. First, there was no testimony at the pretrial hearing as to the specific nature of Taylor's "touching" of L.G. prior to committing the sexual battery. Second, unlike at the pretrial hearing, L.G. did not testify at trial as to any "touching" by Taylor, only the sexual battery, thus making the trial evidence of the sexual battery committed on her even less similar to the charged crime and therefore less relevant and even more prejudicial than probative under *McLean*. Finally, even if the "touching" of L.G. was in fact similar to the alleged molestation of the victim, the jury had already heard other collateral crime or similar fact evidence from both the victim and another sister.

"Collateral crime evidence violates a defendant's right to due process if it is so prejudicial that it denies the defendant a fair trial." *McLean*, 934 So. 2d at 1261 (citing *United States v. LeMay*, 260 F.3d 1018, 1027 (9th Cir. 2001); *United States v. Castillo*, 140 F.3d 874, 883 (10th Cir. 1998)). Such evidence "is inherently prejudicial because it creates the risk that a conviction will be based on the defendant's bad character or propensity to commit crimes, rather than on proof that he committed the charged offense." *Gartner v. State*, 68 So. 3d 986, 988 (Fla. 5th DCA 2011) (citing *McLean*, 934 So. 2d at 1255). Given the significant dissimilarities between the charged crime and the collateral crime of the prior sexual battery committed by Taylor upon L.G., combined with the admittedly highly prejudicial nature of this evidence, and in light of the other similar fact

evidence properly admitted, we conclude that the trial court abused its discretion in admitting evidence of the sexual battery committed upon L.G.

Finally, we reject the State's argument that the admission of this testimony was harmless error. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Accordingly, we reverse Taylor's judgment and sentence and remand for a new trial.[6]


REVERSED and REMANDED.


EVANDER and EDWARDS, JJ., concur.

---

[6] We do not foreclose the potential admissibility on retrial of Taylor's alleged improper touching of L.G. prior to the sexual battery as similar fact or collateral crime evidence under section 90.404(2)(b). This determination is best left initially to the trial court after hearing further evidence of the nature of the touching. *Cf. Cotton*, 176 So. 3d at 315 & n.5 (approving the admission of similar fact evidence of lewd or lascivious conduct committed by the defendant against the victim's two sisters but finding that the trial court abused its discretion in also permitting introduction of the defendant's prior sexual batteries of the sisters).