LAMBERT, J.
The State of Florida petitions this court for certiorari review of the trial court's pretrial order precluding it from utilizing evidence at trial of other crimes, wrongs, or acts of child molestation committed by Respondent. The State argues that it is entitled to relief from the order because, otherwise, it will suffer irreparable harm. The State also contends that the order is a departure from the essential requirements of the law. For the following reasons, we deny the petition.
The State charged Respondent with sexual battery on a child less than twelve years of age and lewd or lascivious molestation of a child less than twelve.[1] The State timely filed a notice pursuant to section 90.404(2)(b), Florida Statutes (2012), of its intent to rely upon evidence of other crimes, wrongs, or acts of child molestation allegedly committed by Respondent.[2] This statute provides that "[i]n a criminal case in which the defendant is charged with a crime involving child molestation, evidence of the defendant's commission *735 of other crimes, wrongs, or acts of child molestation is admissible and may be considered for its bearing on any matter to which it is relevant." The State sought admission into evidence of testimony from a different minor child upon whom Respondent allegedly committed prior acts of molestation. The State's intended purpose for this evidence was to corroborate the victim's testimony that Respondent had sexually abused her as alleged in the Amended Information and also to establish Respondent's "motive, intent, or absence of mistake or accident."
Following an evidentiary hearing, the trial court entered the subject order precluding the admissibility of the State's evidence of the prior acts of child molestation. In pertinent part, the court wrote:
Pursuant to [ McLean ] vs. State, 934 So.2d 1248 (Fla. 2006), in part, the court must consider the similarity of the prior acts, where the acts occurred, the age and gender of the victims, the closeness in time to the prior acts, the frequency of the acts, and the presence or lack of intervening circumstances. The facts must be proved by clear and convincing evidence. Finally, the court must determine if the additional facts are confusing, misleading, and/or unnecessarily cumulative. The collateral evidence should not become a feature of the trial.
....
The Court finds evidence of an act perpetrated against [the collateral crime witness] is not admissible. [The collateral crime witness] alleged to a detective that [Respondent] pulled her shorts down on one occasion, while they were standing on her porch. [The collateral crime witness] testified at the hearing. Applying the analysis in [ McLean ], the Court cannot find the evidence is sufficiently similar regarding location, manner and frequency to permit its admissibility. Further, the Court finds the additional evidence may mislead the jurors and it is needlessly cumulative of other evidence bearing on the victim's credibility.
Certiorari review of a trial court's order that effectively excludes one of the State's witnesses from testifying at trial is appropriate because the State has no right to a direct appeal in the event the defendant is acquitted. State v. Gerry , 855 So.2d 157, 159 (Fla. 5th DCA 2003). "To obtain certiorari relief from a pretrial evidentiary ruling, the [S]tate must show that the ruling was a violation of a clearly established principle of law resulting in a miscarriage of justice." State v. Sandoval , 125 So.3d 213, 215 (Fla. 4th DCA 2013) (citing State v. Pettis , 520 So.2d 250, 254 (Fla. 1988) ).
Relevancy is the threshold evidentiary consideration for the trial court in this type of case when deciding whether to admit prior acts of child molestation. Taylor v. State , 256 So.3d 950, 952 (Fla. 5th DCA 2018) (citing Fiore v. State , 967 So.2d 995, 997 (Fla. 5th DCA 2007) ). In McLean , the Florida Supreme Court provided the following explanation of the trial court's gatekeeping function in determining whether to admit this type of evidence:
[T]he similarity of the prior act and the charged offense remains part of a court's analysis in determining whether to admit the evidence in two ways. First, the less similar the prior acts, the less relevant they are to the charged crime, and therefore the less likely they will be admissible. Second, the less similar the prior acts, the more likely that the probative value of this evidence will be "substantially outweighed by the danger of unfair prejudice, confusion of issues, *736 misleading the jury, or needless presentation of cumulative evidence." § 90.403.
934 So.2d at 1259.
As demonstrated by its order, the trial court both understood and applied the gatekeeping requirements established in McLean . The admissibility of collateral crime or similar fact evidence is within the discretion of the trial court as limited by the rules of evidence. LaMarca v. State , 785 So.2d 1209, 1212 (Fla. 2001). Moreover, a trial court is given a "large measure of discretion" under section 90.403 in determining whether the probative value of admissible evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence. See State v. McClain , 525 So.2d 420, 422 (Fla. 1988). Under the abuse of discretion standard applicable here, Mendez v. State , 961 So.2d 1088, 1089 (Fla. 5th DCA 2007), discretion is abused when "no reasonable person would take the view taken by the trial court." Moore v. State , 800 So.2d 747, 748 (Fla. 5th DCA 2001) (quoting Stephens v. State , 787 So.2d 747, 754 (Fla. 2001) ). Whether we as appellate judges would have reached the same conclusion in this case about the admissibility of this evidence is largely irrelevant. The trial court's evidentiary ruling under review did not constitute an abuse of its discretion.
Accordingly, because we conclude that the State has not shown that the trial court's order violated a clearly established principle of law resulting in a miscarriage of justice, the petition is denied.
PETITION FOR WRIT OF CERTIORARI DENIED.
ORFINGER and SASSO, JJ., concur.

The victim in both counts is the same.

Also commonly referred to as similar fact or collateral crime evidence.